IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHELLY CIGAINERO, Individually and
as a Parent and Next Friend of Minors
Lakin Kohen and Jax Kohen                                                               PLAINTIFF

v.                                      Case No. 4:20-cv-4034

BOBBY VERLON MOORE, JR., Doing
Business as Final Notice Recovery                                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Partial Summary Judgment. ECF No. 11. Plaintiff has responded. ECF No. 14. Defendant has replied. ECF No. 17. The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On May 28, 2017, Plaintiff, Shelly Cigainero, was traveling along I-30 East in Hempstead County, AR, in a vehicle with her boyfriend Justin Chumley ("Chumley") and her two children.[1] At approximately 12:40 a.m., the vehicle they were traveling in broke down and became immobile in the left lane. The portion of I-30 they were on was under construction and there were barriers on each side of the road that blocked access to the shoulder. The vehicle's battery died at some point while the vehicle was immobile. After the vehicle's battery died, the only illumination coming from the vehicle was a handheld flashlight used by Chumley to warn other drivers on the interstate of the vehicle's presence. The vehicle was immobile for approximately five (5) hours before Chumley and Plaintiff attempted to move it.

After being unable to get a battery jump from any passersby, Chumley pushed the vehicle into the right lane while Plaintiff steered in an attempt to move the vehicle off of the interstate. Meanwhile,

---

[1] This recitation of the facts was formed from Defendant's Statement of Facts (ECF No. 13), Plaintiff's Response to Defendant's Statement of Facts (ECF No. 16), Defendant's Reply to Plaintiff's Response (ECF No. 18), and the Arkansas State Police accident report (ECF No. 11-2) for the incident from which the action arises.

Defendant was driving on I-30 East in a tractor-trailer hauling a repossessed tractor. Defendant was traveling in the right lane at approximately forty-five (45) miles per hour along this portion of the interstate. At this time, the conditions were still dark but with heavy rain having commenced. During the time Chumley and Plaintiff were moving their vehicle, or during a pause in their efforts and while the vehicle was immobile, Defendant's vehicle came upon Plaintiff and Chumley's vehicle on the interstate. Defendant initially only saw Chumley in the roadway waving his hands and flashlight to draw Defendant's attention. Defendant then saw the unlit vehicle Chumley and Plaintiff were attempting to move directly in front of his vehicle. Defendant then swerved left to avoid the vehicle, but still collided with the rear left portion.

An Arkansas State Police official created a crash report for the incident. ECF No. 11-2. The crash report's narrative of the accident stated that Plaintiff incurred non-incapacitating injuries as a result of the collision. *Id*. at p. 12. Defendant's statement of the accident was recorded at 5:45 a.m by the Arkansas State Police. *Id*. at p. 13.

On March 20, 2020, Plaintiff filed her Complaint against Defendant in the Circuit Court of Hempstead County, Arkansas. ECF No. 3. Plaintiff brought one claim of negligence against Defendant for the collision that occurred on I-30 East on the morning of May 28, 2017. On April 17, 2020, Defendant removed this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. ECF No. 1. Defendant contended that this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are of diverse citizenship and the amount in controversy exceeds $75,000. *Id*. On the same day Defendant removed this matter, he filed his Answer to Plaintiff's complaint. ECF No. 4. Defendant's answer denied the claim of negligence against him and asserted a counterclaim of negligence against Plaintiff. *Id*.

On March 26, 2021, Defendant filed his Motion for Summary Judgment as to Plaintiff's claim, arguing that Plaintiff has failed to allege facts sufficient to sustain her negligence claim as a matter of law. ECF No. 11. Plaintiff has responded in opposition, arguing that there are disputed material facts

that necessitate a trial on the merits. ECF No. 14. Defendant has replied. ECF No. 17. Defendant does not use the instant motion to seek summary judgment for his counterclaim. Thus, the Court will not address the merits of his counterclaim in this order.

## II. LEGAL STANDARD

### A. Summary Judgment

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018) (citation omitted). Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. "If the evidence the [Plaintiff] put[s] forward 'is merely colorable,' or 'is not significantly probative,' the [Defendant] [is] entitled to summary judgment as a matter of law."

*Gregory v. City of Rogers, Ark.*, 974 F.2d 1006, 1010 (8th Cir. 1992) (quoting *Anderson*, 477 U.S. at 249-50).

### B. Applicable Law

A federal court sitting in diversity over state-created rights will apply state substantive law and federal procedural law. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 426-27 (1996) (citation omitted). A federal court sitting in diversity applies the substantive law of the forum state. *See Rose v. Midland National Life Insurance Company*, 954 F.3d 1117, 1119 (8th Cir. 2020). The forum state for this matter is Arkansas. The incident giving rise to this matter occurred in Arkansas. The parties apply Arkansas law in their briefing on the instant motion. The Court will accordingly apply Arkansas substantive law to this matter.

### III. DISCUSSION

#### A. Defendant's Motion for Summary Judgment

Defendant argues that Plaintiff has failed to allege facts sufficient to support a negligence claim against Defendant for the collision from which this matter arises. ECF No. 12. Specifically, Defendant argues that the only factual allegation Plaintiff has presented to support her negligence claim is the mere fact that the collision occurred. *Id*. at p. 4-5. Defendant notes that Arkansas law holds that the occurrence of an accident is not itself evidence of negligence. *Id*. at p. 4. Defendant further argues that Plaintiff has put forth no specific facts to suggest that Defendant violated any duty of care while operating his vehicle under the circumstances and only offers vague conclusory statements. *Id*. at p. 5. Defendant also contends that the most likely proximate cause for the collision is Plaintiff's own actions. *Id*. Defendant concludes that the complete lack of factual allegations supporting Plaintiff's claim means no reasonable jury could find in Plaintiff's favor and that her claims should fail as a matter of law. *Id*. at p. 6-7.

Plaintiff's response argues that she has brought sufficient factual allegations for her claim and that a trial on the merits is required.[2] ECF No. 15. Plaintiff notes that Arkansas law requires that drivers have a duty of reasonable care to maintain awareness and look out for other drivers. *Id*. at p. 1. Plaintiff then argues that if Defendant had used reasonable care while operating his vehicle, he would have anticipated a vehicle in the roadway and been watchful enough to avoid the collision. *Id*. at p. 2. Plaintiff notes that other vehicles passed her immobile vehicle on the highway without striking it. *Id*. at p. 3. Plaintiff also states that Arkansas law requires headlights to be able to clearly render persons at or within a distance of five hundred (500) feet on the highway. *Id*. at p. 3 (citing to Ark. Code Ann. § 27-36-204). Thus, Plaintiff concludes that the only two possible reasons for the collision are "(1) Defendant's vehicle headlights were defective, or (2) Defendant simply was not paying attention. There is no non-negligent explanation for this accident."

Defendant's reply argues that Plaintiff has not met her burden of refuting his properly supported motion for summary judgment. ECF No. 17. Defendant argues that his motion sufficiently shows that Plaintiff has not presented any factual allegations to support her negligence claim. *Id*. at p. 5. Defendant then argues that Plaintiff has provided nothing in her response other than conclusory statements and failed to present allegations that create doubt as to any material fact. *Id*. at p. 5-6. Defendant also states that Plaintiff severely misstates the meaning of Ark. Code Ann. § 27-36-204 and states that it sets requirements for when headlights are required, not how effective they need to be. *Id*. at p. 7-8. Defendant reiterates that the only factual allegation put forth by Plaintiff to support her claim is that the collision itself occurred and concludes that her claim must fail as a matter of law. *Id*. at p. 9-10.

---

[2] Plaintiff's response makes vague reference to requesting a continuance in this matter, contending that "Discovery has just begun on this case" and erroneously cites to Arkansas procedural law for the proposition that it is improper for the Court to consider the summary judgment motion at this time. ECF No. 14, p. 1. The Court will not consider this to be a formal request for a continuance. Also, Plaintiff has provided no affidavit or declaration as required to have the Court consider delaying its consideration of a timely summary judgment motion for lack of essential facts. *See* Fed. R. Civ. P. 56(d)(1).

"To prevail on a claim of negligence, [a] plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injuries." *Duran v. Southwest Arkansas Electric Cooperative Corporation*, 2018 Ark. 33, at 6, 537 S.W.3d 722, 727. "The issue of whether a duty exists is always a question of law, not to be decided by a trier of fact." *Lacy v. Flake & Kelly Management, Inc.*, 366 Ark. 365, 367, 235 S.W.3d 894, 896 (2006). The common law rules of the road are stated in Arkansas Model Jury Instruction-Civil 901. *See Smith v. Stevens*, 313 Ark. 534, 536, 855 S.W.2d 323, 325 (1993). The common law duty of care for an individual operating a motor vehicle is detailed in AMI 901 as:

> [First] It is the duty of the driver of a motor vehicle to keep a lookout for other vehicles or persons on the street or highway. The lookout required is that which a reasonably careful driver would keep under circumstances similar to those shown by the evidence in this case.
> [Second] It is the duty of the driver of a motor vehicle to keep [his][her] vehicle under control. The control required is that which a reasonably careful driver would maintain under circumstances similar to those shown by the evidence in this case.
> [Third] It is the duty of the driver of a motor vehicle to drive at a speed no greater than is reasonable and prudent under the circumstances, having due regard for any actual or potential hazards.
> A failure to meet the standard of conduct required by [this rule][either of these two rules][any of these three rules] is negligence.

Ark. Model Jury Instr., Civil 901. The mere fact that a collision occurred is "not itself evidence of negligence or fault on the part of anyone." *Mahan v. Hall*, 320 Ark. 473, 477, 897 S.W.2d 571, 573 (1995) (quoting Ark. Model Jury Instr., Civil 603).

The Court finds that Plaintiff has failed to allege sufficient facts to support a claim of negligence against Defendant. The Court acknowledges that Defendant owed a duty of care to look out for vehicles and persons on the highway while operating his own vehicle. *See* Ark. Model Jury Instr., Civil 901. However, Plaintiff is nearly entirely reliant on the fact of the collision as itself evidence that Defendant breached this duty of care, which is erroneous. *See* Ark. Model Jury Instr., Civil 603. The only other facts Plaintiff alleges to support her claim is that other vehicles passed during the hours they were immobile without striking her vehicle and that Chumley waived a handheld flashlight at Defendant prior to the collision. The Court does not view these facts as significantly

6

probative of whether Defendant violated his duty of care, and these facts cannot sustain her claim. *See Gregory v. City of Rogers, Ark.*, 974 F.2d at 1010. The conditions were dark with heavy rain. The vehicle Plaintiff was in emitted no lighting of its own and sat practically immobile in the lane in which Defendant was driving. The only lighting source indicating the presence of anyone or anything was the handheld flashlight possessed by Chumley, who Defendant did see and apparently avoided in time. Plaintiff has not alleged that Defendant was driving at a speed above the posted legal limit, that the speed he was driving at was greater than reasonable, or that he violated any other traffic ordinance. Plaintiff also mischaracterizes the Arkansas statute she cites related to the use of head lamps on vehicles. That statute does not state that a vehicles' head lamps should make vehicles visible at 500 feet. Instead, the statute states that when natural conditions do not allow vehicles to be seen at a distance of 500 feet, the use of head lamps is required. *See* Ark. Code Ann. § 27-36-204.

Defendant has shown that he suddenly encountered an unlit and practically immobile vehicle in the lane he was traveling on the interstate during dark conditions with heavy rain. Plaintiff has shown little more than the fact that a collision occurred. Viewing these facts in the light most favorable to Plaintiff as it must, *Nitsche* 446 F.3d at 845, the Court finds that Plaintiff has failed to put forth evidence that would allow a reasonable jury to conclude that Defendant violated his duty of care. *See Anderson*, 477 U.S. at 252. Accordingly, Plaintiff's negligence claim must fail as a matter of law, and Defendant is entitled to summary judgment on this matter.

**B. Defendant's Counterclaim**

Defendant did not move for summary judgment on his counterclaim. However, the Court finds that it must address its jurisdiction over his counterclaim in light of its finding regarding Plaintiff's claim. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The issue of whether a federal court lacks subject matter jurisdiction can be raised by a court on its own initiative at any stage of litigation. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). Defendant asserts in his negligence counterclaim that he seeks

damages "in excess of $30,000." ECF No. 4, p. 8. This alleged amount of damages is insufficient to meet the requirement of 28 U.S.C. § 1332(a) that the amount in controversy exceed $75,000 in order for the Court to have diversity jurisdiction over Defendant's claim. Thus, the Court does not have subject matter jurisdiction over the remaining claim in this matter. Accordingly, the Court finds that it must dismiss Defendant's remaining counterclaim.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's claim is **DISMISSED WITH PREJUDICE**. Defendant's counterclaim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 25th day of October, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge